UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RACHAEL LONIDIER                          CIVIL ACTION NO. 18-cv-0299

VERSUS                                    CHIEF JUDGE HICKS

NATIONAL CASUALTY CO.                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Plaintiffs, who are alleged to be citizens of Louisiana, filed suit in state court for personal injuries related to a car accident on I-20 in Bienville Parish. The several defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to allege specific facts that show that there is complete diversity of citizenship. The notice of removal does not meet that burden with respect to some of the parties. There is also an improper joinder issue that must be resolved.

**Citizenship Issues**

Individual defendants Angel Luis Cruz and Angelo Dewayne Fields are each described as a "resident" of Texas. Notice of Removal, ¶¶ 8 and 9. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may be a resident of multiple states, but he has only one domicile at a time, and it is that

domicile that establishes his citizenship for diversity jurisdiction purposes. Defendants will need to file an Amended Notice of Removal and allege with specificity the state in which each individual party is domiciled.

Several of the corporate defendants are described as a "foreign insurance corporation" with a principal place of business in a particular state. ¶¶ 8 and 9. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). In Howery, Allstate removed a case and won in the federal court after a jury trial, but its victory was thrown out and the case was remanded to state court when the Fifth Circuit pointed out that Allstate had not alleged its own citizenship with specificity. Accordingly, the removing defendants will need to allege with respect to each corporate party the particular state in which it is incorporated and the state in which it has its principal place of business. Merely stating that a corporation is "foreign" is not sufficient to meet the burden of pleading the state of incorporation. The deadline to file an **Amended Notice of Removal** and attempt to cure these issues is **March 26, 2018**.

**Improper Joinder**

The removing defendants acknowledge that defendant Roderick Minnieweather shares Louisiana citizenship with the Plaintiffs and appears to destroy complete diversity. Defendants argue that the citizenship of Minnieweather should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). Plaintiffs have not yet challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiffs contest the assertion that Minnieweather was improperly joined, they must file a motion to remand, supported by a memorandum, by **April 16, 2018** and explain why there is a reasonable basis to predict that state law would allow Plaintiffs to recover against Minnieweather. If Plaintiffs timely file a motion to remand, it will be noticed for briefing so that Defendants can respond and attempt to meet their burden on the improper joinder issue. If Plaintiffs do not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiffs to concede the point, Minnieweather will be dismissed, and the case will proceed toward a Scheduling Order.[1]

---

[1] A motion to remand based on procedural deficiencies in a removal must be filed within 30 days of the removal, or the issues are waived. The later deadline set in this order to file a motion to remand based on an issue of subject-matter jurisdiction has no effect on that mandatory earlier deadline for procedural deficiencies.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge