UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RACHAEL LONIDIER                    CIVIL ACTION NO. 18-cv-0299

VERSUS                              CHIEF JUDGE HICKS

NATIONAL CASUALTY CO.               MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Rachael Lonidier ("Plaintiff") and her minor child were injured in a multi-vehicle accident on I-20 in Bienville Parish. Plaintiff, on behalf of herself and her son, filed suit in state court against three other drivers, their employers, and their insurers. Defendants removed the case based on an assertion of diversity jurisdiction.

Plaintiff's petition does not show complete diversity of citizenship; Plaintiff and defendant-driver Roderick Minnieweather are both Louisiana citizens. Defendants argue that removal is nonetheless allowed because Minnieweather was improperly joined as a party. Plaintiff filed a Motion to Remand (Doc. 15) and challenged the improper joinder plea. For the reasons that follow, it is recommended that the motion be granted and that this case be remanded to state court.

### Improper Joinder

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same

state as any plaintiff.  That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal.  To prevent such shams, the "judge-imported concept of fraudulent joinder" was developed.  Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968).  The Fifth Circuit has since adopted the term "improper joinder" to describe the doctrine.  Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

The most common way a defendant shows improper joinder is to demonstrate the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  The defendant must show that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant.  Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).  That is the burden the defendants shoulder in this case.

**The Facts**

**A. Plaintiff's Petition**

Plaintiff and her son were traveling westbound on I-20 in a Honda CRV.  Plaintiff was driving in the left lane behind a tractor-trailer (eighteen wheeler) driven by Angelo Fields.  In front of Mr. Fields was a Jeep Grand Cherokee driven by Rodney Luckett. Directly behind Plaintiff in the left lane was a tractor-trailer driven by Angel Cruz.  Petition, ¶¶ 6-16.

At about the same time, Roderick Minnieweather was driving a tractor-trailer in the right lane.  Minnieweather was, like the others, traveling westbound. His rig was positioned somewhere to the right of the tractor-trailer driven by Mr. Cruz.  ¶¶ 17-19.  Accordingly,

the line of vehicles in the left lane was headed by Mr. Luckett's Jeep Grand Cherokee, followed by Mr. Fields in a tractor-trailer, followed by Plaintiff in her Honda CRV, followed by Mr. Cruz in a tractor-trailer. To the right of Mr. Cruz was Mr. Minnieweather in his tractor-trailer. The petition includes a drawing, borrowed from an accident report, that depicts those positions. ¶ 20.

A vehicle in front of Mr. Luckett slowed suddenly to avoid a tire carcass in the left lane. Mr. Luckett slowed his Jeep Grand Cherokee to avoid hitting that vehicle. Mr. Fields could not or did not stop his tractor-trailer in time and hit Mr. Luckett's Jeep. Those two vehicles came to a stop in the left lane of I-20. ¶¶ 21-23.

Plaintiff was able to come to a controlled stop behind Mr. Fields' tractor-trailer. As Mr. Cruz (left lane) and Mr. Minnieweather (right lane) approached the location of the accident in their tractor-trailers, Mr. Cruz attempted to change lanes to the right lane, but sideswiped Mr. Minnieweather's tractor-trailer before veering back to the left lane and striking Plaintiff's Honda CRV. The impact smashed Plaintiff's vehicle into the rear of Mr. Fields' tractor-trailer. The impact ripped off the doors of the small SUV, shattered its windows, and spun it around. The SUV ended up pinned between the Fields and Cruz tractor-trailer rigs. ¶¶ 25-28. Mr. Minnieweather's tractor-trailer came to a controlled stop in the right lane. ¶ 30.

Plaintiff's petition contains separate allegations regarding the alleged fault of each driver. Plaintiff alleges that Mr. Minnieweather "was a professional truck driver, and as such is a superior actor in the eyes of the law." ¶ 41. Paragraph 48 of the petition states that the collision was alleged to have been "caused by the recklessness, carelessness, and

fault of Mr. Minnieweather in the following non-exclusive particulars, each of which

singularly or in combination with the others, was the proximate cause of the occurrence in

question:

    A.    In failing to keep a proper lookout;

    B.    In failing to keep his vehicle under property control;

    C.    In creating an unreasonable risk of harm;

    D.    In exercising less care than that which would be expected of a professional truck driver/superior actor under the same or similar circumstances;

    E.    In violating safety rules required for the safe operation of a motor vehicle;

    F.    In operating his vehicle in a wanton and reckless manner with no regard for the safety and rights of others;

    G.    In failing to keep a safe distance, following too closely, and/or violating La. R.S. 32:81;

    H.    In traveling within an unreasonable proximity to another vehicle;

    I.    In failing to avoid that which was directly in front of his path of travel;

    J.    In failing to see what he should have seen under the circumstances;

    K.    In failing to use due care;

    L.    In failing to take proper evasive action to avoid a collision;

    M.    All other acts of negligence or fault in violation of the traffic ordinances of the applicable Parish which are pleaded as if copied in extensor;

    N.    All other acts of negligence or fault in violation of Title 2 of the laws of the Louisiana Revised Statutes that are pleaded as if copied in extensor;

    O.    Such other acts of negligence, omissions, and/or legal fault that shall be discovered, all of which were in contravention of the exercise of due care and prudence, to be shown at the time of trial or revealed through discovery."

## B. Minnieweather's Affidavit

Attached to the Notice of Removal is an affidavit by Mr. Minnieweather. He

testifies that he never left the right lane and never struck Plaintiff's SUV or any

other vehicle. His tractor-trailer was struck by Mr. Cruz's tractor-trailer when Cruz

tried to move into the right lane, which caused the fuel tank on Minnieweather's rig to rupture.  Minnieweather never departed the right lane, was able to bring his vehicle to a controlled stop, and did not receive a citation.  Minnieweather attaches to his affidavit several pages of an accident report and related written statements by the involved drivers.  Minnieweather does not offer testimony about when he saw the accident developing, whether he had time to slow down, or the like.

**Pleadings Alone or Pierced Pleadings**

The "no reasonable basis" contest may take place in either of two settings: (1) a challenge to the pleadings alone or (2) an effort to pierce the pleadings and demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail.  "[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both."  International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 207 (5th Cir. 2016) (emphasis in original).

Defendants' Notice of Removal based the improper joinder plea primarily upon a challenge to the adequacy of the allegations in the petition.  But Defendants also attached to the notice the affidavit by Mr. Minnieweather that incorporated the accident report and witness statements. After Plaintiff challenged the improper joinder plea in her motion to remand, Defendants responded with an argument based solely on the adequacy of the allegations in the petition.

Defendants' argument, whether based on the pleadings or the affidavit and other evidence, is that Mr. Minnieweather was involved in the accident but was not negligent.

Most improper joinder pleas are resolved on the pleadings, but in some cases the court may exercise discretion to pierce the pleadings and conduct a summary inquiry. Such inquiry is appropriate if the plaintiff has "misstated or omitted discrete facts" that would preclude recovery against the in-state defendant. Smallwood, 385 F.3d at 573. Examples of such discrete facts suitable for piercing the pleadings are whether a particular doctor even treated the plaintiff or that a party's domicile is not as alleged. The facts must be capable of easily being disproved if not true. Id. 385 F.3d at 574 n. 12.

Defendants have not attempted to use Minnieweather's affidavit to challenge any such discrete fact. Accordingly, piercing the pleadings is not appropriate in this contest. The court's review must be limited to the adequacy of the petition.

**Federal Pleadings Standard Governs**

Plaintiff's petition was filed in state court, but the improper joinder review incorporates the federal pleading requirements. International Energy Ventures Management, LLC, 818 F.3d at 200-208. That means Federal Rules of Civil Procedure 8(a) and 12(b)(6), as interpreted in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**Analysis**

The Twombly standard requires the court to accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that

when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Twombly, 127 S.Ct. at 1964-65.  A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 127 S.Ct. at 1965).

Louisiana law recognizes negligence of a driver as an actionable tort under La. Civ. Code art. 2315.  Plaintiff alleges that Mr. Minnieweather was negligent and that his actions contributed to the accident.  She alleges a laundry list of specific acts of fault, including failing to keep a proper lookout, traveling within an unreasonable proximity to another vehicle, and failing to see what he should have seen under the circumstances.  She also faults him for failing to take proper evasive action to avoid a collision.  Defendants argue that Plaintiff's petition offers only bald assertions and legal conclusions without sufficient facts to back them.  Defendants essentially fault Plaintiff for not detailing exactly what facts show fault by Minnieweather.  Plaintiff must allege facts that state a plausible claim, but she "need not detail in [her] complaint every fact on which [she] may eventually rely to prove [her] claim." Akins v. Worley Catastrophe Response, LLC, 921 F. Supp. 2d 593, 605 (E.D. La. 2013). Similarly, "[a] pleader is not required to allege each and every fact that may be relevant to his or her claim." McCarty v. Hillstone Rest. Grp., Inc., 2015 WL 7076474, *5 (N.D. Tex. 2015).

Defendants' argument is that Mr. Minnieweather was simply driving along in the right lane and free from fault in connection with the events that occurred in the left lane. That may turn out to be the case, but the allegations in Plaintiff's petition allow for the

possibility that Mr. Minnieweather may be shown to have been at fault.  Louisiana courts have stated that "a motorist has a strong duty to be on the lookout for what is ahead of him."  Devereux v. Allstate Ins. Co., 557 So. 2d 1091, 1096 (La. App. 2nd Cir. 1990).  As an illustration of that duty, the driver in Devereux was distracted by a passing car while driving within the speed limit and in the proper lane of travel at night on a dark stretch of road when he hit a drunk pedestrian who was wearing dark clothes and standing in the lane of travel.  The court found that the least amount of fault to assess the driver was 20%.  The court in Garrett v. Celino, 489 So. 2d 335, 338 (La. App. 4th Cir. 1986) noted that "[d]rivers of motor vehicles have a never ceasing duty to keep a proper lookout ahead and to see what should be seen" before affirming the liability of a driver who struck a pedestrian who was crossing a street without a signal or crosswalk and walked into his path without looking.

Such decisions demonstrate the possibility that a court could find that Minnieweather failed to keep a proper lookout, failed to see what he should have seen, or other acts of fault that are specifically alleged in the petition.   For example, Plaintiff may be able to prove, consistent with her allegations, that Minnieweather failed to timely see the tire carcass in the road or notice that vehicles ahead of him were suddenly slowing, and if he had done so he could have himself slowed or taken other action that left the right lane open for Mr. Cruz to bail out and avoid the collision.  Perhaps Plaintiff will not be able to prove that or any other form of fault, but her pleadings allow for the possibility.

The precise facts of the accident are not yet known and are not specifically alleged in the petition, but the allegations that are in the petition permit inferences that would give rise to a more than speculative right to relief against Mr. Minnieweather.  There is,

therefore, a reasonable basis for this court to predict that Plaintiff might be able to recover against Mr. Minnieweather.  A finding of fault by Mr. Minnieweather is not so impossible that he—who was admittedly involved in the multi-car collision—is not even a proper defendant in the case and should be ignored when assessing the citizenship of the parties.

**Conclusion**

When removing parties claim improper joinder, they bear a "heavy burden." Smallwood, 385 F.3d at 574.  And if there are any ambiguities in the applicable state law, they must be resolved in favor of the plaintiff.  Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004).  Defendants have not met their heavy burden in this case.  The improper joinder plea should be rejected, and this case should be remanded to state court for lack of diversity jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 15)** be **granted** and that this case be **remanded** for lack of subject-matter jurisdiction to the Second Judicial District Court, Bienville Parish, Louisiana, where it was pending as Case No. 44-659.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of April, 2018.


Mark L. Hornsby
U.S. Magistrate Judge